UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HASAN CARTER, et al.,

        Plaintiffs,

   v.

CHRISTINE GREGOIRE, et al.,

        Defendants.

CASE NO. C9-5393BHS

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (Dkt. 4). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2009, Plaintiffs filed a complaint for injunctive and declaratory relief against Defendants. Dkt. 1 ("Complaint"). Plaintiffs also filed a Motion for Temporary Restraining Order. Dkt. 2. On June 30, 2009, Defendants responded (Dkt. 19) and Plaintiffs filed an additional Memorandum in support of their motion (Dkt. 22).

ORDER - 1

Plaintiffs allege that the Washington Legislature passed, and Governor Christine Gregoire signed into law, a statute that violates their federal constitutional rights. Complaint, ¶¶ 35, 54. That law provides in relevant part as follows:

> The [Washington Department of Social and Health Services ("DSHS")] shall not pay a home care agency licensed under chapter 70.127 RCW for in-home personal care or respite services provided under this chapter, Title 71A RCW, or chapter 74.39 RCW if the care is provided to a client by a family member of the client. To the extent permitted under federal law, the provisions of this subsection shall not apply if the family member of the family member providing care is older than the client.

Laws of 2009, ch. 571, § 1 (1)(a) ("SHB 2361").

Defendants claim that:

> The implementation of SHB 2361 will take time, because DSHS did not receive lists of all clients affected by the changes until June 30, 2009, and contacting each client, discussing their options, and executing IP contracts for family members will take additional time. Additionally, making changes effective the first of each month is less disruptive in terms of employee benefits. For these reasons SHB 2361 will be phased in over the months of July, August, and September 2009. We expect to complete the phase-in by September 1, 2009.

Dkt. 21, Declaration of Chris Imhoff, ¶ 22.

On July 1, 2009, the Court held a hearing on Plaintiffs' motion. At the hearing, Defendants' counsel confirmed that the first phase of SHB 2361 would not be implemented until August 1, 2009. After the hearing, Plaintiffs filed a Supplemental Brief Regarding Irreparable Harm Caused By Implementation of SHB 2361 on July 1, 2009. Dkt. 25. The Court held a conference call regarding the contents of this brief. During the conference call, Defendants' counsel informed the Court that implementation of SHB 2361 was occurring today.

On July 1, 2009, Plaintiffs filed a Motion for Preliminary Injunction. Dkt. 26.

## II. DISCUSSION

To be entitled to temporary injunction relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

ORDER - 2

in the public interest." *Winter v. Nat. Res. Def. Council*, ___ U.S. ___, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

In this case, Plaintiffs have shown that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. Therefore, the Court grants Plaintiffs' motion.

With regard to Plaintiffs' Motion for a Preliminary Injunction, the Court sets the following briefing schedule:

Defendant's response is due          July 20, 2009

Plaintiffs' reply is due          July 24, 2009.

The Court will set a hearing on this motion for July 28, 2009 at 3:30 PM.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Dkt. 4) is **GRANTED**. The temporary restraining order shall expire on July 29, 2009, or as otherwise ordered by the Court.

DATED this 1st day of July, 2009.

　　　　　　　　　　　　　　　　　　　　／s／ Benjamin H. Settle
　　　　　　　　　　　　　　　　　　　　BENJAMIN H. SETTLE
　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 3